## BROWN & CARMICHAEL *vs.* WAY & TAYLOR.

The return of service on a writ by the sheriff cannot be controverted except for fraud or collusion.—See Tillman vs. Davis, decided at the present term.

Complaint and bail, in Sumter county. Decision by Judge ALLEN, April Term, 1859.

Way & Taylor brought suit against Brown & Carmichael, partners in trade, on an account, and filed their affidavit for bail. Brown resided in the county of Sumter and Carmichael in the county of Dougherty. The sheriff of Sumter county returned that he had served Brown by leaving a copy at his place of residence, that being absent. he could not arrest him under the bail process. Carmichael was arrested by the sheriff of Dougherty county and. gave bond for appearance as provided by law.

At the trial, counsel for defendant moved to dismiss the action on the following grounds:

1. Because Brown, at the time of the commencement of said suit, having left and departed from the State, the return made by the sheriff as to him, was false.

2. Because the suit being upon an account, defendants were not *joint and several obligors*, and did not come under that provision in the Constitution authorizing suits to be brought out of a defendant's county, and that Carmichael

being a resident of Dougherty county, could not be sued out of that county.

3. Because the process is void, it bearing a date subsequent to the return day of the court to which it was returnable.

The court overruled the motion to dismiss and allowed plaintiffs to amend the process, and defendants excepted.

McCay & Hawkins, for plaintiff in error.

Scarborough, and Lyon, Irvin & Butler, *contra*.

*By the Court.*—Lumpkin, J., delivering the opinion.

The return of service by the sheriff on a writ cannot be controverted, except for fraud or collusion. Such was the opinion of this court in the case of Tillman vs. Davis, decided during the present term; and notwithstanding the nature of the service in the two cases was different, still, we consider this case fully controlled by that.

Stephens, J., concurred.

Benning, J., dissenting.

I think the sheriff's return was traversable—that it was not conclusive on Carmichael. My reasons for this opinion, are the reasons which I had for dissenting from the judgment of this court in Tillman vs. Davis, decided at the present term. Therefore, I shall not repeat them here, but merely refer to them there.